■ MULVIHILL ELECTRICAL CONTRACTING CORPORATION, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [756 NYS2d 525] —Order, Supreme Court, New York County (Charles Ramos, J.), entered August 7, 2002, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment, unanimously affirmed, without costs.

The motion court correctly dismissed plaintiff's causes of action for breach of contract on the ground that the parties' 1998 letter agreement, which purported to settle plaintiff's claims for extra work performed pursuant to the parties' 1993 contract, is not separately enforceable in a court action, but rather is subject to the alternate dispute resolution procedures contained in the 1993 contract. Insofar as pertinent, the letter agreement, after resolving the extra time plaintiff had to complete the job and the amount of time for which it was to be paid extra compensation, defers the "exact amount" of the extra compensation for later negotiation, provides that the 1993 contract remains in full force and effect "except to the extent otherwise set forth herein," and further provides that it, i.e, the letter agreement, could "not be offered or admitted as evidence in any claim, dispute, action or proceeding * * * except in an action brought to enforce [it]." This general reference to "an action," in a paragraph addressing the admissibility of an

agreement that purports to partially settle disputes arising under and contemplated by the underlying contract, without mention of the underlying contract's clear, precise and detailed provisions for resolving such disputes, and immediately preceding a paragraph that specifically acknowledges the continuing full force and effect of the underlying contract, fails to show an intent to abrogate such provisions, or to raise an issue of fact in that regard (*cf. Elgin Natl. Indus. v Somerset Constr. Co.*, 59 AD2d 869 [1977], *affd* 45 NY2d 1001 [1978]).

Nor is there merit to plaintiff's claim that it was deprived of due process in connection with another dispute not covered by the letter agreement. Plaintiff's assertion that defendant Transit Authority's Chief Engineer, the contract arbiter, refused to issue a determination, thereby depriving plaintiff of its contractual right to judicial review, is belied by plaintiff's letter to the Chief Engineer indicating that the submissions were incomplete because plaintiff was negotiating directly with the Transit Authority, and by the absence of evidence that plaintiff thereafter requested a determination. In any event, assuming plaintiff has a property interest entitled to constitutional protection, its procedural due process claim fails for lack of evidence showing that the Transit Authority had a custom and policy, implemented by its Chief Engineer, of refusing to issue final determinations of disputes. In this regard, the contract provided that the Chief Engineer "acting personally" would arbitrate the dispute, and, in so doing, was not acting as a final policymaker for the Transit Authority (*see Monell v Department of Social Servs. of City of N.Y.*, 436 US 658, 694 [1978]). Moreover, in view of the parties' resolution of prior disputes pursuant to the contract's alternate dispute resolution procedures, as well as plaintiff's request that the subject dispute be held in abeyance, the alleged refusal to make a determination is not so outrageous as to constitute a gross abuse of governmental authority in violation of plaintiff's substantive due process rights (*see Natale v Town of Ridgefield*, 170 F3d 258, 263 [2d Cir 1999]).

We have considered plaintiff's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Buckley, Sullivan, Ellerin and Lerner, JJ.